UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Respondent, | ) ) ) | 02 CR 278 |
| vs. | ) ) | Judge Feinerman |
| DONVILLE JAMES, | ) ) | |
| Defendant-Movant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Donville James was convicted of drug, gun, and counterfeiting crimes, and the Seventh Circuit affirmed his conviction and sentence in *United States v. James*, 487 F.3d 518 (7th Cir. 2007). After his conviction became final, James filed a motion in this District under 28 U.S.C. § 2255 to vacate his conviction and sentence. The district court denied the petition, *United States v. James*, 2008 WL 2782826 (N.D. Ill. July 15, 2008) (Andersen, J.), and denied James's motion for relief under Federal Rule of Civil Procedure 60(b), *United States v. James*, No. 08 C 1416, Doc. 21 (N.D. Ill. Apr. 22, 2009) (Andersen, J.); the Seventh Circuit denied James's request for a certificate of appealability, *United States v. James*, No. 09-2205 (7th Cir. June 22, 2010), and his petition for rehearing, *United States v. James*, No. 09-2205 (7th Cir. Aug. 4, 2010); and the Supreme Court denied James's petition for a writ of certiorari, *James v. United States*, No. 10-6428 (U.S. Oct. 18, 2010). In December 2011, James filed a motion in the Seventh Circuit to recall the mandate and for rehearing. The Seventh Circuit denied the motion, explaining: "The motion constitutes a second or successive collateral attack that may be commenced only if the criteria of 28 U.S.C. § 2244(b) have been satisfied, *Calderon v. Thompson*, 523 U.S. 538, 553-54 (1998), which is not here argued. Indeed, by iterating a claim previously presented, authorization would be barred by § 2244(b)(1)." *United States v. James*, No. 09-2205 (7th Cir. Jan. 6, 2012).

In the meantime, in February 2011, James filed a motion in this District to recuse Judge Andersen, who had presided over his trial and who had denied his § 2255 and Rule 60(b) motions. The recusal motion was denied on two grounds, the first being that Judge Andersen had retired and was no longer assigned to the case, and the second being that the § 2255 proceedings had concluded. *United States v. James*, No. 08 C 1416, Doc. 40 (N.D. Ill. Feb. 1, 2011) (Feinerman, J.). The Seventh Circuit dismissed James's appeal from that because "James's § 2255 proceeding concluded years ago." *United States v. James*, No. 11-1732 (7th Cir. June 10, 2011).

Later that year, James filed a motion for habeas corpus relief in the District of Minnesota under 28 U.S.C. § 2241, which empowers federal courts to grant writs of habeas corpus "within their respective jurisdictions," § 2241(a), meaning that a § 2241 petition must be filed in a court that has jurisdiction over the petitioner's custodian, *see Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). The magistrate judge recommended denial of the petition in light of § 2255(e), which provides that § 2255 motions in the sentencing court provide the sole route for federal prisoners to bring collateral challenges, with narrow exceptions not applicable to James's case. *See James v. Jett*, 2011 WL 5176801, at *3-4 (D. Minn. Oct. 5, 2011). The district judge accepted the magistrate judge's report and recommendation. *See James v. Jett*, 2011 WL 5143038 (D. Minn. Oct. 31, 2011).

In May 2012, James applied to the Seventh Circuit for leave to file a second motion under § 2255. The Seventh Circuit denied his request:

> Donville James has filed an application pursuant to 28 U.S.C. § 2244(b)(3), seeking authorization to file a successive collateral attack under § 2255. Mr. James proposes a second collateral attack on the ground that the government suppressed a recording of a conversation between Mr. James and a confidential informant. Mr. James argues that the recording would exonerate him because on it he allegedly told the CI that he was not going to take part in any illegal activity. The contention is frivolous: Mr. James confessed, other recordings showed Mr. James actively discussing the terms of the drug deal with the CI, federal agents witnessed the transaction or listened to it and testified, and agents recovered the counterfeit buy money (as well as a gun). *United States v. James*, 487 F.3d 518, 526 (7th Cir. 2007) (discussing "overwhelming" evidence against Mr. James). In light of

> the evidence of his guilt, a single protestation against participating in illegal activities is insufficient to show that the jury would not have convicted him, as is required for authorization. *See* §§ 2244(b)(2)(B) & 2255(h)(1).

*James v. United States*, No. 12-2141 (7th Cir. May 17, 2012).

In November 2012, James filed in this court a motion styled by him as one made pursuant to Rule 60(d)(3). Doc. 168. Rule 60(d) provides: "This rule does not limit a court's power to … (3) set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3); *see In re Golf 255, Inc.*, 652 F.3d 806, 809-10 (7th Cir. 2011) (discussing "fraud on the court"). James's motion asks the court to set aside his convictions on the ground that they were obtained through fraud on the court perpetrated by the prosecution and by U.S. Secret Service agents.

James's motion is properly characterized not as one under Rule 60(d), but instead as a motion under § 2255 to set aside his conviction and sentence. The Seventh Circuit has held in this context that "we look at the substance of a motion rather than its title to determine whether it is a successive collateral attack. We do this to police attempted end-runs around the successive petition limitations of § 2255 by restyling motions in different ways." *Hare v. United States*, 688 F.3d 878, 880 n. 3 (7th Cir. 2012) (citations omitted); *see also United States v. Carraway*, 478 F.3d 845, 848-49 (7th Cir. 2007) ("The district court correctly characterized Carraway's motion as a request for relief under section 2255. The fact that Carraway labeled his motion as a request for relief under civil Rule 60(b) rather than section 2255 is immaterial; it is the substance of the petitioner's motion that controls how his request for relief shall be treated."); *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover."); *cf. Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) (reaching the same conclusion in the similar context of 28 U.S.C. § 2254, which governs federal habeas relief for prisoners convicted in state court).

James's motion asserts that the prosecution violated his Fifth Amendment due process rights by suppressing evidence that might have materially assisted his defense, in violation of

*Brady v. Maryland*, 373 U.S. 83 (1963), and also by fabricating evidence; these are the acts he characterizes as "fraud on the court." Thus, James is "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). That is precisely the scenario to which § 2255 applies. As the Seventh Circuit has held, "any post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion." *Carraway*, 478 F.3d at 848; *see also United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000) ("[W]e hold that any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255, and that the second (and all subsequent) of these requires appellate approval. For this purpose the caption that the defendant puts on the motion is irrelevant."). Like this case, *Evans* dealt with a motion that was not styled as one under § 2255 but that presented a *Brady* claim; the Seventh Circuit explained in *Evans* that such a claim "readily could have been presented under § 2255," and thus characterized the motion as one under § 2255.

Because James earlier filed a § 2255 motion, his current motion is a "second or successive motion" within the meaning of § 2255(h), which says that "[a] second or successive motion must be certified as provided by [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals" before it may be allowed to proceed. 28 U.S.C. § 2255(h).* "From the district court's perspective, [§ 2244(b)] is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from

---

* The Supreme Court has held that "when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion … the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions [imposed by § 2255(h)], and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383 (2003). *Castro* is inapplicable here because James has previously filed a first § 2255 motion, rendering § 2255(h) applicable to all further § 2255 motions, including this one. He therefore cannot be prejudiced by the recharacterization of this motion as one under § 2255 and need not be offered the opportunity to withdraw or amend it. *See Melton*, 359 F.3d at 857.

the government, unless the court of appeals has given approval for its filing." *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *see also* 7th Cir. Rule 22.2 (providing a procedure for prisoners to seek leave to file a successive motion under § 2255); *Melton*, 359 F.3d at 856-57 (the petitioner's "application in 1997 used up the only collateral attack allowed as of right, and the district court thus lacks jurisdiction to entertain any further collateral proceedings unless this court first grants permission under § 2244 and § 2255 ¶ 8") (citation omitted).

James has not provided the court with any indication that the Seventh Circuit has approved this motion; indeed, as noted above, the court of appeals denied James's request for leave to file a successive § 2255 motion regarding what appears to be the same *Brady* claim asserted here. *See James v. United States*, No. 12-2141 (7th Cir. May 17, 2012). Accordingly, the court must dismiss James's § 2255 motion for lack of subject matter jurisdiction. *See Hare*, 688 F.3d at 880 ("Hare's Rule 60(b) and Rule 59(e) motions were in fact successive collateral petitions and were correctly dismissed because they were not authorized.").

James's motion is dismissed. This case remains closed.

January 15, 2013

_____
United States District Judge